UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MARQUISE HARRIS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:19-CV-00028-JRG-DCP |
| TDOC COMMISSIONER, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon consideration of state inmate Marquise Harris' complaint, submitted pursuant to 42 U.S.C. § 1983 [Doc. 2], and his application seeking to proceed *in forma pauperis* in this action [Doc. 1].

### I. APPLICATION OF "THREE STRIKES"

The Court finds that Plaintiff is barred from proceeding *in forma pauperis* because of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if he has had three or more cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g) (quotation marks omitted).

Due to the nature of the § 1983 lawsuits Plaintiff has filed in federal court, he has previously been held subject to the "three-strike" rule in this Court. *See* Doc. 4 in *Harris v. Fenner*, No. 2:17-CV-67 (E.D. Tenn. Oct. 31, 2017) (noting Plaintiff's previous dismissals under § 1915(g) in *Harris v. TDOC Comm'r et al.*, No. 3:16-CV-594 (E.D. Tenn. Sept. 20, 2017); *Harris v. TDOC Comm'r et al.*, No. 3:16-CV-600 (E.D. Tenn. Jan. 18, 2017); and *Harris v. TDOC Comm'r et al.*, No. 3:16-

CV-615 (E.D. Tenn. Nov. 1, 2016)).

Accordingly, the Court finds that Plaintiff has abused his *in forma pauperis* privileges. Therefore, Plaintiff cannot file the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

## II. IMMINENT DANGER

The imminent danger exception, as explained in *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580 (6th Cir. 2013), "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Id*. at 585 (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). The exception applies where the pleading contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Plausibility in this context means that a court informed by its "'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed the pleading. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)).

Plaintiff alleges that on December 12, 2018, while housed at the Morgan County Correctional Complex ("MCCX"), staff were conducting his monthly administrative segregation review [Doc. 2 at 4]. Plaintiff states that he was advised that he would likely be recommended to complete a newly-created step-down program, which would require him (and others in the program) to be handcuffed and chained to a table "like object[s]" and in violation of Tennessee Department of Correction ("TDOC") policy [*Id*.]. Plaintiff spoke with some of the other inmates in the program and learned that their arms and backs were being stretched by the restraints, causing them "wanton and unnecessary" pain and feared that he would be subjected to the same treatment [*Id*.]. Plaintiff filed a grievance, seeking copies of TDOC policies regarding the program and

2

advising TDOC personnel about the violation of the group members' civil rights [*Id*. at 5]. Plaintiff complains that he was denied a copy of the program's policies and rules because he is not a member of the group [*Id*.]. According to Plaintiff, when he tried to appeal the denial of his grievance, the grievance advocate representative advised Plaintiff that the grievance chairperson would not process his grievance and would direct staff "to come in his cell and beat his ass" if he kept pursing the issue [*Id*. at 5]. Plaintiff alleges that the threat of serious physical injury to him is imminent, and that this Court's intervention is necessary to protect his civil rights, along with the civil rights of the other inmates in the step-down program [*Id*.].

The Court finds that Plaintiff's allegation that he is being verbally threatened is insufficient to sustain a civil rights claim under § 1983, much less establish that he is in imminent danger of serious harm. *See, e.g., Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987). Moreover, Plaintiff is not in the step-down group of which he complains and, therefore, has no standing to challenge the conditions under which the group operates. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and ... lacks standing to assert the constitutional rights of other prisoners"). Accordingly, Plaintiff has failed to demonstrate that he is in imminent danger of serious physical injury, and he may not proceed as a pauper in these proceedings.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] is **DENIED** pursuant to § 1915(g), and the instant action is **DISMISSED** without prejudice to Plaintiff's ability to pay the filing fee in full and thereby reinstate this case. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when

complaint delivered to district court clerk). There being no remaining issues before the Court, this case is **CLOSED**.

So ordered.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE